IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

EDWARD JOSEPH MILLER, JR. EW-7061, )
    Plaintiff, )
     )
    v. ) Civil Action No. 05-351 J
     )
SUPT. GEORGE PATRICK, et al., )
    Defendants. )

Report and Recommendation

I. Recommendation:

It is respectfully recommended that the defendants' Motion to Dismiss (Docket No.27) be granted for failure to state a claim upon which relief may be granted.

II. Report:

Presently before the Court for disposition is the defendants' Motion to Dismiss.

Edward Joseph Miller, an inmate at the State Correctional Institution at Cresson has presented a civil rights complaint which he has been granted leave to prosecute in forma pauperis.

In his complaint, Miller contends that between August 19, 2005 and August 21, 2005, while housed at the State Correctional Institution at Houtzdale, he was characterized as a "snitch"; that feces and urine were deposited at or on his cell door, and that a caricature of an individual engaging in fellatio was placed on his cell door. These allegations are said to state a cause of action pursuant to 42 U.S.C. 1983 and the plaintiff invokes this Court's jurisdiction pursuant to Sections 1331 and 1343 of Title 28, United States Code. Named as defendants and

movants here are Superintendent Patrick, Sgt. Troupe and C.O. Cadwallader.

It is provided in 42 U.S.C. §1983 that:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

In reviewing a motion to dismiss, all well pleaded allegations of the complaint must be accepted as true. Estelle v. Gamble, 429 U.S. 97 (1976); Schrob v. Catterson, 948 F. 2d 1402 (3d Cir. 1991). Coupled with this requirement is the greater leniency with which pro se complaint are construed. Haines v. Kerner, 404 U.S. 519 (1972).

The Prison Litigation Reform Act provides in 42 U.S.C. § 1997(e)(a) that:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

See: Santana v. United States, 98 F.3d 752 (3d Cir. 1996). Pennsylvania provides such a mechanism.[1] This requirement also has a procedural default component. Spruill v. Gillis, 372 F.3d 218 (3d Cir.2004). In his complaint, Miller sets forth that he talked about the incident with institutional security as well as filed an institutional grievance. No further efforts were made to exhaust the procedurally available remedies, and for this reason his complaint is subject to dismissal.

In addition, we note that the Prison Litigation Reform Act also provides in 42 U.S.C. 1997e(e) that:

---

[1] See: Administrative Directive 804.

No Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury.

In his complaint, Miller alleges that as a result of these incidents the safety of his family and himself have been jeopardized and that he is in harm's way. Nevertheless, he does not make any allegations that he suffered any injury as a result of these acts. For this additional reason, his complaint is subject to dismissal.

Accordingly, it is recommended that the defendants' motion to dismiss be granted for failure to state a claim upon which relief may be granted.

Within ten (10) days after being served, any party may serve and file written objections to the Report and Recommendation. Any party opposing the objections shall have seven (7) days from the date of service of objections to respond thereto. Failure to file timely objections may constitute a waiver of any appellate rights.

Respectfully submitted,

s/Robert C. Mitchell,
United States Magistrate Judge

Entered: March 1 , 2006